```
UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK
- - - - - - - - - - - - - - - - - - - - - X

STEPHEN COLE-HATCHARD,                     :

                    Plaintiff,             :     00 Civ. 7469 (WCC)

        - against -                        :        OPINION
                                                   AND ORDER
THE TOWN OF CLARKSTOWN, KEVIN KILDUFF       :
and CHARLES HOLBROOK,
                                            :
                    Defendants.
                                            :
- - - - - - - - - - - - - - - - - - - - - X
```

**A P P E A R A N C E S :**

                                          FREEDMAN, WAGNER, TABAKMAN & WEISS
                                          **Attorneys for Plaintiff**
                                          130 North Main Street, Suite 202
                                          New City, New York 10956

DAVID M. WAGNER, ESQ.

    Of Counsel


                                          MIRANDA & SOKOLOFF, LLP
                                          **Attorneys for Defendants**
                                          240 Mineola Boulevard
                                          Mineola, New York 11501

STEVEN C. STERN, ESQ.

    Of Counsel

*Copies Mailed to Counsel of Record*

**CONNER, Senior D.J.:**

Plaintiff Stephen Cole-Hatchard brought this § 1983 action on October 3, 2000 against the Town of Clarkstown (the "Town"), Kevin Kilduff and Charles Holbrook, the Town Chief of Police and Town Supervisor, respectively (collectively, "defendants"), at the time of the events giving rise to this action. Plaintiff alleged that defendants: (1) violated his property and equal protection rights under the Fourteenth Amendment of the United States Constitution and Article 1 of the New York State Constitution; (2) abused their discretion by arbitrarily and capriciously denying plaintiff benefits under New York's General Municipal Law § 207-c; and (3) violated his rights under New York Executive Law § 296. On April 2, 2003, this Court, on information that the parties had agreed to a settlement-in-principle, entered a thirty-day order (the "Order"). Thirty days later, no communication indicating that the settlement had not been consummated having been received, the case was closed pursuant to the terms of the Order. Some years later, the ongoing settlement negotiations proved fruitless, and on September 16, 2005 plaintiff moved to reopen this case. For the reasons stated herein, plaintiff's motion is denied.

## BACKGROUND

### I. Procedural Background

This case arose out of alleged incidents that occurred while Cole-Hatchard was employed by the Town's Police Department (the "Department") from 1990-2000. (Complt. ¶¶ 74-91.) Plaintiff filed his Complaint on October 2, 2000. On January 31, 2001, this case was placed on the Court's suspense docket pending disposition of state claims brought in an Article 78 proceeding. (Defs. Mem. Opp. Mot. Reopen, Ex. B.) The Supreme Court of Rockland County denied plaintiff's request

for § 207-c benefits on July 22, 2002 (Pl. Mem. Supp. Mot. Reopen, Ex. 3), with the Appellate Division, Second Department affirming this decision. *See Matter of Cole-Hatchard v. Sherwood*, 309 A.D.2d 933, 766 N.Y.S.2d 113 (2d Dep't 2003), *appeal dismissed*, 1 N.Y.3d 593, 776 N.Y.S.2d 223 (2004).

The case was removed from the suspense docket on September 4, 2002, and a status conference was held before this Court on October 4, 2002. (Pl. Mem. Supp. Mot. Reopen, Ex. 2.) At that conference, the Court signed a Scheduling Order pursuant to which discovery would close on July 11, 2003. In addition, the Court scheduled a status conference for September 19, 2003. (Defs. Mem. Opp. Mot. Reopen at 2, Ex. C.) The docket entry for the Scheduling Order, however, does not list the Scheduling Order as having been entered until August 4, 2003. (Pl. Mem. Supp. Mot. Reopen, Ex. 2.)

Four months prior to this docket entry, on April 2, 2003, the parties informed the Court that they had reached a settlement-in-principle. As a result, this Court issued a thirty-day order, which reads in full: "The Court having been advised that all claims asserted herein have been settled, it is ORDERED, that the above-entitled action be and hereby is discontinued, without costs to either party, subject to reopening should the settlement not be consummated within thirty (30) days of the date hereof." (Defs. Mem. Opp. Mot. Reopen, Ex. D.) The Order was signed on April 2, 2003. The Order was entered on the docket on April 3, 2003. (Pl. Mem. Supp. Mot. Reopen, Ex. 2.)

Plaintiff claims that the dates of these entries establishes that the case was reactivated four months after the Order because the issuance of the Scheduling Order "negated the discontinuance and reopened the case." (*Id.* at 3.) Defendants, however, assert that the chronological order of events demonstrates that the case was closed and not reopened within the thirty days allotted by the

Order. (Defs. Mem. Opp. Mot. Reopen at 6-7.) Furthermore, defendants note that no discovery ever took place. (*Id.* at 2.)

II. **The Proposed Settlement**

Plaintiff claims that the Order was entered to permit consummation of "a complex settlement" in that the proposed settlement was dependent upon the approval of nonparty New York State Police and Fire Retirement System ("PFRS"), a pension fund for police officers and firefighters employed in the State of New York.[1] (Pl. Mem. Supp. Mot. Reopen at 3.) According to defendants, the proposed settlement would permit plaintiff to "convert monies that he received for workers' compensation benefits into salary, the purpose of which was to increase, on paper, his time as a police officer." (Defs. Mem. Opp. Mot. Reopen at 4.) This would permit plaintiff to retire early but with increased benefits, thus requiring approval from PFRS. (*Id.*) Defendants assert that they notified plaintiff, through his counsel, that the proposed settlement was contingent upon receiving PFRS's approval.[2] (*Id.*) According to defendants, plaintiff was informed by Longo in March 2003

---

[1] Plaintiff claims that:
This unusual settlement required Clarkstown to file a 'RS 2050 Adjustment Report' and an 'RS 2050-1 Adjustment Report label' with the Retirement System in order to recalculate certain periods of Plaintiff's disability. Upon confirmation that the Retirement System had recalculated the disability period, and certain other incidental stipulations, Plaintiff's claims would be settled.

(Pl. Mem. Supp. Mot. Reopen at 3-4.)

[2] Defendants assert that Assistant Town Attorney Ronald Longo sent a letter dated January 10, 2003 to PFRS requesting its consent. (Defs. Mem. Opp. Mot. Reopen at 4, Ex. F.) Defendants also assert that plaintiff acknowledged that the proposed settlement was "subject to approval by the State" in a letter to Deputy Town Attorney Richard Glikel dated February 27, 2003. (*Id.*, Ex. G.)

that PFRS would not approve the proposed settlement terms, at which time plaintiff indicated to defendants that "he was going to deal directly with the State Retirement System in an attempt to persuade them to permit the settlement." (*Id.* at 5.)

According to plaintiff, negotiations with the Town continued for another four months, until July 2003, at which time plaintiff's direct contact with PFRS began. (Pl. Mem. Supp. Mot. Reopen at 4.) Plaintiff contends that he did not learn the proposed settlement would fail until February 2005, at which point he resumed negotiations with the Town in hopes of preserving the proposed settlement. (*Id.*) After this proposal was rejected, plaintiff alleges it took several months to substitute counsel; new counsel was substituted pursuant to a consent order, which this Court "so ordered" on June 27, 2005. (*Id.*)

## DISCUSSION

Plaintiff argues that the Order did not dismiss the case after the thirty days expired because the Order did not set a time limit as to when the case had to be reopened. (Pl. Reply Mem. Supp. Mot. Reopen at 2.) Defendants assert that because plaintiff failed to reopen the case within thirty days of the Order, the case was dismissed, and, given that over two years has passed since, the case should not be reopened. (Defs. Mem. Opp. Mot. Reopen at 6.) Defendants further assert that statute of limitations, issue preclusion, res judicata and laches bars the reopening of plaintiff's action. (*Id.* at 6-12.)

"The reinstatement clause in an order of dismissal is jurisdictional—once the time period has passed, the case is dismissed, subject only to reopening pursuant to Fed. R. Civ. P. 60 or any other applicable rule." *Barrett v. F.W. Woolworth Corp.*, No. 96 Civ. 7538, 1997 WL 752416, at *1

4

(S.D.N.Y. Dec. 5, 1997). The effectiveness of a thirty-day order is dependent upon a limiting time frame for resolution and reinstatement of the action. *See Grabois v. Dura Erect Corp.*, 981 F. Supp. 295, 297 (S.D.N.Y. 1997). "These purposes are defeated if the thirty day order is interpreted to give parties unlimited time to seek reinstatement of the action." *Id.* However, where the order does not include language customarily used to specify a time limit for reinstatement, dismissal without leave to reopen is disfavored. *See Muze, Inc. v. Digital On Demand, Inc.* 356 F.3d 492, 495 (2d Cir. 2004). The Second Circuit has said:

> By omitting the usual language specifying that the reinstatement request must be made *within* the time period for settlement, [the district court] led the parties reasonably to believe that [the court] was setting a time period only for settlement, and that if settlement could not be finalized within that period, reinstatement could be requested thereafter.

*Id*. at 494-95 (emphasis in original). However, the Second Circuit was clear that the time period for reinstatement was not without limitation. "The omission of a time limit for a permitted or required task normally means that the task is to be performed within a *reasonable* time." *Id*. at 495 (emphasis added).

The Order issued in this action, admittedly, does not explicitly set a time limit for receipt of a reinstatement request. Accordingly, plaintiff could reasonably have been led to believe that the thirty-day limitation referenced only finalization of the proposed settlement, not the reinstatement. *See id.* at 494-95.

Notwithstanding the Order's ambiguity on this point, the Court believes that two years constitutes an unreasonable delay. Generally, when problems arise within the settlement process parties seek an extension of the thirty-day consummation limitation. *See Grabois*, 981 F. Supp. at 297. After over two years of negotiations with both defendants and nonparty PFRS, plaintiff at long

5

last petitioned this Court to reinstate his action.[3] Plaintiff argues the delay was caused by the need to negotiate directly with PFRS, whose cooperation created unanticipated complexity. We do not view this additional layer of negotiation as a legitimate excuse for a prolonged delay in requesting an extension or reinstatement. In fact, the added complexity of nonparty negotiations is exactly the situation where the Court should be contacted, whether to intervene in aid of settlement or to extend a thirty-day order. *Cf. Grabois*, 981 F. Supp. at 296 (finding 585-day delay unreasonable).

Moreover, it appears that plaintiff was informed in March 2003 by defendants that PFRS was not willing to entertain the proposed settlement. Even if settlement negotiations between plaintiff and the Town continued until July 2003, as plaintiff contends, plaintiff was aware as of that date that the settlement-in-principle was in jeopardy. This Court received no communication from plaintiff regarding the settlement difficulties until plaintiff sent a letter dated April 4, 2005 to the Court requesting reinstatement. Therefore, plaintiff's motion to reopen the case is denied. Consequently, the Court need not consider defendants' statute of limitations, issue preclusion, res judicata and laches arguments.

---

[3] The Court lends no weight to plaintiff's contention that docket sheet date discrepancies regarding the dates on which the Scheduling Order and thirty-day order were issued constitute a "reactivat[ion]" of the case. The chronology of the orders, and the parties' actions in conformance with these orders, negates plaintiff's argument.

## CONCLUSION

For all of the foregoing reasons, the motion of plaintiff Stephen Cole-Hatchard to reopen the case is denied.

SO ORDERED.

Dated: White Plains, New York
       February 22, 2006

                                              */s/ William C. Conner*
                                         Sr. United States District Judge